Dewet, J.
The foundation of the plaintiffs’ right to maintain the present action is, that no legal title to the lands sold by the defendant, the avails of which are now sought to be recovered, ever vested in the defendant. They were originally the property of Alpheus Fay. And the position is, thát the conveyance of the same to Jacob B. Winchester, and the subsequent transfer from him to the defendant, were fraudulent in law, and wholly ineffectual to divest the legal title of said Fay ; leaving the estate in said Fay, free to vest, on his death, in his heirs at law, of whom the plaintiffs are part. The case of the plaintiffs assumes, therefore, that the defendant had no valid title to these lands, when he sold them, and that the conveyance by him, and entry thereon by the grantees, were a disseizin, as to these lands. Taking the case in the most favorable view for the plaintiffs, it presents a case of a disseizee bringing an action for money had and received, against the disseizor, who has entered upon his lands, put him out of possession, and conveyed the same to a stranger, to recover of such disseizor the money he received as a consideration of such conveyance.
It is true that, in cases of torts to personal property, the tort may be waived, and assumpsit for money had and received may *463 be brought, when the wrong-doer has converted the property into mor.ey. But it is to be recollected, that the rule in regard to the transfer of personal property materially differs from that as to real estate. By instituting an action of assumpsit for money had and received, and thus waiving the tort, or by bringing an action directly upon the tort, and recovering damages for the value of the property converted, the plaintiff, by his judgment and satisfaction thereof, actually transfers the title in such personal property to the other party. But real estate is not to be transferred merely by force and effect of an action of this character. Where there is no color of agency, no professing to convey the estate as the estate of the disseizee, or by any authority under him, but obviously by a title adverse to the disseizee, no transfer of title or estate could be effected by the judgment that might be recovered in an action of assumpsit by the true owner against one exercising acts of ownership or control of the estate. Here was no privity between these parties who are now litigating before us. The defendant was not their agent, and did not assume to act under them, or by any authority derived from them. There is, therefore, nothing for them to ratify or adopt, and, by such adoption, give validity to the transfer by the defendant to his grantees.
Had such sale of these lands been made during the life time of Alpheus Fay, he might have adopted the act of the defendant, professing to be his agent, and holding a written power of attorney from him, and have required the defendant to account for the avails of the sale; inasmuch as this would have ratified the anterior sale to Jacob B. Winchester, and have given effect to the deeds subsequently made by the defendant. Such ratification would not avail the plaintiffs, however, if it could now be established; for if the title passed out of Alpheus Fay at all, it was by force and effect of the deed made by the defendant to Ja.cob B. Winchester, which was executed by the defendant in the name and as the agent of said Fay. If this sale to J-icoo B. Winchester be ratified, that was a transaction in the life time of Alpheus Fay, and the avails of all the real estate of said Fay, sold by the defendant in tne life time of Fay, are *464 assets of the estate of Fay, and are to be accounted for as such. The defendant was both executor and residuary legatee of Fay, and, as such, entitled to all his assets.
The foundation of the plaintiffs’ claim, as already stated, involves directly the question of title to real estate. But indeb-itatus assumpsit for money had and received will not lie to try questions of title to real estate. This principle has been often applied in this court. In the case of Codman v Jenkins, 14 Mass. 96, it was held that indebitatus assumpsit for rent will not lie in favor of a stranger who claims title, or by one of two litigating parties claiming the land. In Bigelow v. Jones, 10 Pick. 161, it was decided that a party who was disseized of real estate could not maintain assumpsit to recover of the dis-seizor money which he had received for trees severed and sold during the continuance of the disseizin. See also Allen v. Thayer, 17 Mass. 299. 2 Stark. Ev. 111. 1 Leigh’s Nisi Prius, 46.
The case of Miller v. Miller, 7 Pick. 136, where a tenant in common recovered of his cotenant, in this form, of action, for trees severed and sold, was put upon the ground that there was no controversy about the parties’ title to the land from which the wood was taken. Had it been otherwise, it seemed to be understood that the plaintiff must have been nonsuited.
In the opinion of the court, this objection presents an insuperable bar to the maintenance of the present action. Before the plaintiffs can establish the facts which, in their own view of the case, are essential, they must show that the real estate sold by the defendant was their property; that the defendant’s title to the same, though he had a good apparent paper title, was tainted with legal fraud, and invalid in law. It would be necessary to pass upon the legal title of the defendant at the time he made sale of these lands, and also, as it would seem, to pass upon the further question, whether any valid title has been acquired by the purchasers under him. This latter inquiry seems necessarily involved in the case, inasmuch as if the estate of the plaintiffs was not lost by means of such conveyance by the defendant, but remained vested in them, tuen they *465 might recover the land itself against the present tenants of it, and of course ought not, in an action for money had and received, to recover the value of such land.
These questions of title to real estate are not to be settled in this form of action ; nor do we feel authorized, much less is it our duty, to express any opinion upon the question, in whom is the legal title to these lands. That must be settled in a real action between the proper parties.
It may be said, that if the present action cannot be maintained, and it should hereafter be held, in a real action, that by force and effect of the defendant’s deeds, the purchasers acquired a valid title to these lands, (they being grantees for a valuable consideration, and without notice of that legal fraud which would have avoided the title of the defendant, if the heirs at law had litigated with him,) the plaintiffs would be remediless. If such were to be the effect, we do not perceive that it would change the result to which the principles of law lead us in the present case.
Cases often occur where, by reason of laches, parties lose rights which might have been enforced at an earlier period, and while the estate remained in the hands of those who were connected with the original taint of legal or moral fraud, as the case may be. Take the case of a fraudulent sale made to delay or defeat a creditor. This sale may be avoided, and the property taken for the benefit of the creditor, while it is in the hands of the fraudulent purchaser; but if the creditor slumber over his rights until such estate has been conveyed to an innocent purchaser, his rights are lost.
Whether any such effect has followed from the neglect of these plaintiffs to institute a real action against the defendant, to recover the lands from him before he made a conveyance of the same to those who now assert title through him, is a question which we have not considered, and upon which no opinion is expressed.

Nonsuit to stand.